IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson,                           )<br>                                                     )<br>                       Plaintiff,          )<br>                                                     )<br>v.                                                 )<br>                                                     )<br>City of Charleston; County of Charleston;  )<br>Jennifer Kneece Shealy, Solicitor; Officer    )<br>Burke; Attorney Marco T. Torres; Dr. Leonard )<br>W. Mulbry,                                     )<br>                                                     )<br>                       Defendants.       )<br>_____ ) | C/A No.  2:14-424-DCN-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Daniel Mark Mixson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, a pretrial detainee, seeks monetary damages against the defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Plaintiff contends that he was arrested on August 14, 2008, by Officer Burke of the City of Charleston Police Department for burglary first degree and criminal domestic violence second degree. (ECF No. 1 at 3.) Plaintiff claims the charges were based on allegedly false statements made by his roommate and complains that Solicitor Jennifer Kneece Shealy improperly "upgraded" the criminal domestic violence charge on January 9, 2009. (Id. at 3, 5.) The Complaint further alleges that Dr. Leonard W. Mulbry performed a competency evaluation on February 12, 2010. (Id.

---

[1] On May 19, 2014, Plaintiff submitted a change of address notice indicating that he is now detained at a facility on Farrow Road in Columbia, South Carolina. (ECF No. 8.)

Page 1 of  10



at 3.) Defendant Mulbry purportedly found Plaintiff to be incompetent and Plaintiff asserts that this determination was made to justify the allegedly illegal confinement. (Id.) Plaintiff indicates that he was able to post bond after sixteen months of detention. (Id.)

On April 8, 2010, Plaintiff was arrested again by Officer Burke for two counts of burglary first degree. (Id.) The burglary charges were "amended to receiving stolen goods" in May of 2010, and Plaintiff was allegedly denied bond. (Id. at 3-4.) On February 9, 2011, Plaintiff indicates that he entered a guilty plea to a misdemeanor offense related to the April 2010 arrest. (Id. at 4.) Plaintiff claims that three other warrants were dismissed at that time. (Id.) Plaintiff seeks monetary damages for his "time of oppresive [sic] pretrial incarceration," and lists Attorney Marco T. Torres for the "illegal injustice performed on" Plaintiff.[2] (Id. at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

---

[2] Plaintiff references Officer Keller and a state court judge in the Complaint's relief section. (ECF No. 1 at 5.) Plaintiff further discusses actions by Judge McDonald and a court appointed attorney, Lauren Williams, in a letter submitted to this court. (ECF No. 8.) However, these individuals are not listed in the Complaint's caption or parties section (ECF No. 1 at 1-2), and Plaintiff did not provide service documents for them. Therefore, these individuals have not been added to the docket as defendants in this case.



Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the reasons discussed below, Plaintiff's claims against the defendants should be summarily dismissed.



1.  **City and County of Charleston**

In <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " <u>Milligan v. City of Newport News</u>, 743 F.2d 227, 229 (4th Cir. 1984) (quoting <u>Monell</u>, 436 U.S. at 694); see also <u>Bd. of Cnty. Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Walker v. Prince George's Cnty.</u>, 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. However, the instant Complaint contains no factual allegations that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of the City or County of Charleston.

At most, the Complaint merely attributes, in purely conclusory fashion, the alleged wrongful actions of an individual employee to the defendants. However, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship," <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999) (citing <u>Monell</u>, 436 U.S. at 692-94), and a municipality may not be held liable under § 1983 solely because it employs the tortfeasor. <u>Bd. of Cnty. Comm'rs v. Brown</u>, 520 U.S. at 397. As Plaintiff has alleged no actionable conduct by the City or County of Charleston, these defendants are entitled to summary dismissal from this case.

PJG

**2.     Solicitor Jennifer Kneece Shealy**

Plaintiff alleges that Defendant Shealy illegally upgraded Plaintiff's criminal domestic violence offense. (ECF No. 1 at 3, 5.) However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with the prosecution of his state criminal charge by Defendant Shealy are barred from suit under § 1983.[4] See Evans v. Allbrooks, No. 89-7061, 1989 WL 100776, at *1 (4th Cir. Aug. 28, 1989) (finding district court properly dismissed complaint against prosecutor as frivolous based on prosecutorial immunity).

**3.     Attorney Marco T. Torres**

Plaintiff appears to allege ineffective assistance of counsel by his defense attorney. However, an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, the Complaint's

---

[4] The court notes that judges also have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Therefore, to the extent Plaintiff intended to allege claims against Judge McDonald under § 1983 for judicial actions taken during Plaintiff's competency hearing (ECF No. 8), such claims are likewise subject to summary dismissal.



§ 1983 claims based on unconstitutional representation of Plaintiff in state court proceedings by Defendant Torres are subject to summary dismissal.[5]

### 4.  Dr. Leonard Mulbry

The Complaint names Defendant Mulbry for performing a competency evaluation on February 12, 2010, and subsequently finding Plaintiff incompetent for trial. (ECF No. 1 at 3.) While the Complaint speculates that Defendant Mulbry made such a determination to "justify holding [Plaintiff] illegally," it provides no facts to support this conclusory allegation and presents no facts to demonstrate a violation of Plaintiff's constitutional rights by Defendant Mulbry. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that [defendants] are not required to file unnecessary responses to speculative allegations."); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights). Further, to the extent Plaintiff alleges negligence or medical malpractice against Defendant Mulbry, such claims are not cognizable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 335-36 n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (Daniels bars an action under § 1983 for negligent conduct).

### 5.  Officer Burke

This is the second civil action filed in this court against Defendants Burke, Shealy, Torres, and Mulbry alleging constitutional violations associated with Plaintiff's arrests on August 14, 2008, and April 8, 2010.  See Daniel Mark Mixson v. Detective Burke, C/A No. 2:12-2609-DCN (D.S.C.

---

[5] To the extent Plaintiff intended to allege ineffective assistance claims under § 1983 against attorney Lauren Williams (ECF No. 8), such claims are also subject to summary dismissal.



Sept. 11, 2012).[6] As in Plaintiff's prior case, the instant Complaint's claims are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. In this case, Plaintiff indicates that he entered a guilty plea to possession of stolen goods on February 9, 2011. (ECF No. 1 at 3-4.) A favorable determination on the merits of Plaintiff's claims would require a finding that this conviction is invalid, and Plaintiff provides no facts to demonstrate that he has successfully challenged this conviction. Because Plaintiff does not demonstrate that the criminal proceedings stemming from the defendants' actions terminated in his favor, Plaintiff's false arrest and false imprisonment claims are subject to summary dismissal. As such, Defendant Burke should also be summarily dismissed from this case.

**6.     State law claims**

Plaintiff's federal claims are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any other state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

---

[6] Plaintiff's previous civil action also named, and was summarily dismissed as to Detective Keller.



### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 29, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).